IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEDRICK JONES<br>(TDCJ No. 1459417), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-2613-M-BN |
| DON ADAMS, ET AL., | § § § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This *pro se* civil rights action filed by Plaintiff Dedrick Jones, a Texas inmate, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice to the claims raised in the complaint being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994), conditions are met.

### Applicable Background, Legal Standards, and Analysis

On August 24, 2007, a Dallas County jury found [Jones] guilty of capital murder, and he was automatically sentenced to a term of life imprisonment. The conviction was affirmed on appeal. *See Jones v. State*, No. 05-07-01163-CR, 2009 WL 988647 (Tex. App. – Dallas, Apr. 13, 2009, pet. ref'd). [Jones] filed two applications for state post-conviction relief. The first application was dismissed for noncompliance with the Texas Rules of Appellate Procedure. *See Ex parte Jones*, WR-74,353-01 (Tex. Crim. App. Oct. 27, 2010). The second application was denied without

written order on the findings of the trial court. *See Ex parte Jones*, WR-74,353-03 (Tex. Crim. App. Feb. 1, 2012).

*Jones v. Stephens*, No. 3:13-cv-336-L, 2013 WL 5325895, at *1 (N.D. Tex. Sept. 23, 2013) (dismissing federal habeas petition as time-barred).

Jones brings the current action against the judge, the prosecutor, and his defense attorney in the state criminal proceeding, asserting that the defendants violated "state laws to convict[,] sentence and place [Jones] in state penal system." Dkt. No. 3 at 5. And he requests "payment of $1500.00 a day for each day of illegal incarceration, and $80,000.00 year for each year of illegal, void, and unconstitutional incarceration." *Id.* at 7.

Claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)). "The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for

'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

While Jones's claims may be barred by immunities that attach to the defendants he has named, to succeed on those claims, the Court must also find that Jones's conviction is invalid. But Jones has not shown that his conviction has been reversed, expunged, or otherwise declared invalid or called into question. The record, in fact, supports the opposite conclusion. His current claims are therefore frivolous and barred by *Heck*.

## Recommendation

The Court should dismiss this action with prejudice to the claims raised in the amended complaint being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 2, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE